COURT OF APPEALS
DECISION
DATED AND FILED

July 28, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP931**

STATE OF WISCONSIN

Cir. Ct. No. 2017FA673

IN COURT OF APPEALS
DISTRICT III

---

IN RE THE MARRIAGE OF:

JESSICA J. MILLER, F/K/A JESSICA J. BRITTNACHER,

    JOINT-PETITIONER-APPELLANT,

  V.

MICHAEL J. BRITTNACHER,

    JOINT-PETITIONER-RESPONDENT.

---

APPEAL from an order of the circuit court for Brown County: TAMMY JO HOCK, Judge. *Affirmed.*

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jessica Miller, pro se,[1] appeals from an order that held her in contempt for failing to comply with postdivorce orders and denied reconsideration of her request to appoint a guardian ad litem (GAL) for a pending placement modification motion. We affirm.

## BACKGROUND

¶2 Miller and Brittnacher were divorced in 2018, at which time they shared joint custody and physical placement of three minor children. They continued to litigate disputes about the children's placement and other matters over the following years, resulting in three orders that are relevant to this appeal.

¶3 The circuit court entered an order on March 8, 2021, that awarded the parents alternating weeks of placement with the children. On July 13, 2021, the court entered an order after a June 17, 2021 hearing that allowed Miller to claim the parties' oldest child as a tax dependent in odd-numbered years and Brittnacher to claim her as a tax dependent in even-numbered years. After a February 7, 2025 hearing, the court entered an order on February 24, 2025, that required the parties to return to mediation to address a pending placement modification motion that Miller had filed and denied Miller's request to appoint a GAL in connection with that motion.

¶4 Miller filed an additional motion seeking the appointment of a GAL on March 19, 2025, asserting that there were several issues related to her placement modification motion that a mediator could not "assist with," including

---

[1] Both Miller and Michael Brittnacher are self-represented in this appeal. Miller also appeared pro se in the circuit court. Brittnacher was represented by counsel in the circuit court.

2

communicating directly with the children and reviewing psychological reports and assessments. Brittnacher filed a cross-motion on March 20, 2025, seeking to enforce the three postdivorce orders and hold Miller in contempt and impose remedial sanctions for: (1) withholding the oldest child from placement; (2) claiming the oldest child as a tax dependent for the wrong year; and (3) refusing to engage in mediation. *See* WIS. STAT. § 785.03(1)(a) (addressing remedial sanctions). The circuit court held a hearing on Brittnacher's motion on April 11, 2025.

¶5 At the contempt hearing, Miller acknowledged that she had claimed a tax exemption for the oldest child in the wrong year, but she asserted that she had done so by mistake and promptly amended her return after the contempt motion was filed. Miller also appeared to assert that the reason the parties could not proceed with mediation was that the mediator could not "do anything with the kids directly." Miller left the hearing, which she had been attending by Zoom, before the issue of missed placement was addressed.

¶6 Brittnacher, in turn, introduced several exhibits to support his motion. These included messages from the OurFamilyWizard application, in which Miller told Brittnacher that she would not be doing anything to change her taxes and that she could not force their oldest daughter to attend her placement because the daughter had her own car. There was also an email chain in which the mediator informed the parties that he was willing to engage in another session, but Miller asserted that she did not believe further mediation would be "productive or appropriate"; stated, "I am not available to attend further in[-]person meetings at this time" without a GAL; and asked the mediator to close the file.

¶7 Following the hearing, the circuit court entered the April 21, 2025 order that is the subject of this appeal. The court found Miller in contempt on all three alleged grounds. As remedial sanctions, the court barred Miller from filing any more postdivorce motions unless and until she participated in mediation; ordered her to reimburse Brittnacher for having to amend his tax returns; ordered her to pay Brittnacher's attorney fees for enforcing the orders; and ordered her to provide Brittnacher with additional periods of placement to compensate him for the ones he had missed. In addition, the court denied Miller's renewed request for a GAL, having observed at the motion hearing that it had previously addressed that issue at a prior hearing.

## DISCUSSION

¶8 In this appeal, Miller challenges: (1) the denial of her request for a GAL; (2) the order for mediation; (3) the determination that she was in contempt for a tax error that she had corrected prior to the hearing; and (4) the determination that she was in contempt for withholding a child from placement when it was the child who refused to attend.

¶9 As a threshold matter, we note that Miller's notice of appeal does not seek review of the February 24, 2025 order that first denied a request from Miller to appoint a GAL in connection with her placement modification motion and required the parties to return to mediation. Because the notice of appeal identifies only the contempt order entered on April 21, 2025, it appears that the first two issues Miller attempts to raise are outside the scope of this appeal. *See* WIS. STAT.

4

RULE 809.10(1)(e) (2023-24)[2] (requiring a timely notice of appeal for jurisdiction).

¶10     Even if we had jurisdiction over the February 24 order, we have no basis to review the circuit court's initial decisions to refuse to appoint a GAL and to order mediation because Miller has failed to provide a transcript of the hearing at which those issues were first heard. This court will assume that any missing transcripts would support the circuit court's decision. *See Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 889 N.W.2d 381. Furthermore, to the extent that Miller's March 19 motion could be considered a request for reconsideration, and the denial of the renewed request for a GAL in the circuit court's April 21 order could be construed as denying reconsideration, our jurisdiction would still be limited to considering any new issues separate from those that had already been determined in the February 24 order. *See Silverton Enters., Inc. v. General Cas. Co. of Wis.*, 143 Wis. 2d 661, 665, 422 N.W.2d 154 (Ct. App. 1988); *cf.* WIS. STAT. § 805.17(3). Without the transcript of the prior hearing, we also cannot determine whether Miller raised any new issues relative to the GAL and required mediation. We will therefore not address Miller's first two issues.

¶11     We turn next to the circuit court's findings that Miller was in contempt for claiming the oldest child on her tax return in an even numbered year and withholding placement of the oldest child. Intentional disobedience of a court order constitutes contempt of court. *See* WIS. STAT. § 785.01(1)(b). A contempt finding may result in a remedial sanction "imposed for the purpose of terminating

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

a continuing contempt of court." Sec. 785.01(3). We review the circuit court's use of its contempt powers under the erroneous exercise of discretion standard. *City of Wis. Dells v. Dells Fireworks, Inc.*, 197 Wis. 2d 1, 23, 539 N.W.2d 916 (Ct. App. 1995).

¶12 We conclude that the record supports the circuit court's exercise of discretion here. With respect to the tax issue, it is irrelevant that Miller filed an amended return prior to the hearing in response to Brittnacher's motion. Requiring Miller to reimburse Brittnacher for his having to file an amended return was an appropriate remedial sanction for the contempt that had already occurred when the motion was filed. Miller's correspondence demonstrates that she did not make a good faith effort to correct her error after being informed of it. Instead, Brittnacher had to file a motion in order to obtain Miller's compliance. Regarding the withholding of physical placement, the court was not required to accept Miller's assertion that she had no control over her oldest child's actions when Miller did not testify as to her actions and Miller's correspondence did not show that she had made any effort whatsoever to encourage the child to comply with the mediation order.

By the Court.—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.